JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MICHAEL BATTISTE

**DEFENDANTS**

FBCS, INC.

**(b)** County of Residence of First Listed Plaintiff     POINTE COUPEE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Ste 500, Garden City, NY 11530
(516) 203-7600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

O 1   U.S. Government
Plaintiff

● 3   Federal Question
*(U.S. Government Not a Party)*

O 2   U.S. Government
Defendant

O 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | O 1 | O 1 | Incorporated or Principal Place of Business In This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business In Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click her for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| O 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | O 625 Drug Related Seizure of Property 21 USC 881 | O 422 Appeal 28 USC 158 | O 375 False Claims Act |
| O 120 Marine | O 310 Airplane | O 365 Personal Injury - Product Liability | O 690 Other | O 423 Withdrawal 28 USC 157 | O 376 Qui Tam (31 USC 3729(a)) |
| O 130 Miller Act | O 315 Airplane Product Liability | O 367 Health Care/ | | | O 400 State Reapportionment |
| O 140 Negotiable Instrument | O 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | O 410 Antitrust |
| O 150 Recovery of Overpayment & Enforcement of Judgment | O 330 Federal Employers' Liability | Product Liability | | O 820 Copyrights O 830 Patent | O 430 Banks and Banking O 450 Commerce |
| O 151 Medicare Act | O 340 Marine | O 368 Asbestos Personal Injury Product | | O 835 Patent - Abbreviated | O 460 Deportation |
| O 152 Recovery of Defaulted Student Loans (Excludes Veterans) | O 345 Marine Product Liability | Liability | **LABOR** | O 840 Trademark **SOCIAL SECURITY** | O 470 Racketeer Influenced and Corrupt Organizations |
| O 153 Recovery of Overpayment of Veteran's Benefits | O 350 Motor Vehicle | **PERSONAL PROPERTY** O 370 Other Fraud | O 710 Fair Labor Standards Act | O 861 HIA (1395ff) O 862 Black Lung (923) | ●480 Consumer Credit O 485 Telephone Consumer Protection Act |
| O 160 Stockholders' Suits | O 355 Motor Vehicle Product Liability | O 371 Truth in Lending O 380 Other Personal | O 720 Labor/Management Relations | O 863 DIWC/DIWW (405(g)) O 864 SSID Title XVI | O 490 Cable/Sat TV |
| O 190 Other Contract | O 360 Other Personal Injury | Property Damage | O 740 Railway Labor Act | O 865 RSI (405(g)) | O 850 Securities/Commodities/ Exchange |
| O 195 Contract Product Liability | O 362 Personal Injury - Medical Malpractice | O 385 Property Damage Product Liability | O 751 Family and Medical Leave Act | | O 890 Other Statutory Actions |
| O 196 Franchise | | | O 790 Other Labor Litigation | | O 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | O 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | O 893 Environmental Matters O 895 Freedom of Information Act |
| O 210 Land Condemnation | O 440 Other Civil Rights | **Habeas Corpus:** | | O 870 Taxes (U.S. Plaintiff or Defendant) | |
| O 220 Foreclosure | O 441 Voting | O 463 Alien Detainee | | | O 896 Arbitration |
| O 230 Rent Lease & Ejectment | O 442 Employment | O 510 Motions to Vacate Sentence | | O 871 IRS—Third Party 26 USC 7609 | O 899 Administrative Procedure Act/Review or Appeal of |
| O 240 Torts to Land | O 443 Housing/ Accommodations | O 530 General | | | Agency Decision |
| O 245 Tort Product Liability | O 445 Amer. w/Disabilities - Employment | O 535 Death Penalty **Other:** | **IMMIGRATION** | | O 950 Constitutionality of State Statutes |
| O 290 All Other Real Property | O 446 Amer. w/Disabilities - Other | O 540 Mandamus & Other O 550 Civil Rights | O 462 Naturalization Application O 465 Other Immigration Actions | | |
| | O 448 Education | O 555 Prison Condition O 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

● 1 Original Proceeding
O 2 Removed from State Court
O 3 Remanded from Appellate Court
O 4 Reinstated or Reopened
O 5 Transferred from Another District *(specify)*
O 6 Multidistrict Litigation - Transfer
O 8 Multidistrict Litigation – Direct File

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*

Brief description of cause:     15 USC §1692 – Fair Debt Collection Practices

## VIII. REQUESTED IN COMPLAINT:

● CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ● Yes   O No

## IX. RELATED CASE(S) IF ANY

*(See Instructions)*

JUDGE _____

DOCKET NUMBER _____

JUN 26 2020

DATE     June 17, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT# _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 9152 Delta Place Road, New Roads, Louisiana 70760

Address of Defendant: _____ 330 S. Warminster Road, Hatboro, Pennsylvania 19040

Place of Accident, Incident or Transaction: _____ Montgomery County _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___6/17/20___     _____ Must sign here     _____
                        Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

---

CIVIL: (Place a √ in one category only)

**A.   *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____ FDCPA _____

**B.   *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

JUN 26 2020

DATE: _____     _____ Sign here if applicable     _____
                          Attorney-at-Law / Pro Se Plaintiff     Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Michael Battiste, individually and on behalf of all :
others similarly situated
v. :

CIVIL ACTION

FBCS, Inc and Jefferson Capital Systems, Inc    :

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

6/17/20
**Date**

**Attorney-at-law**

Plaintiff
**Attorney for**

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

JUN 26 2020

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 119206

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## ALLENTOWN DIVISION

Michael Battiste, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

FBCS, Inc. and Jefferson Capital Systems, LLC,

Defendants.

Case No:

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Michael Battiste, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against FBCS, Inc. and Jefferson Capital Systems, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

1

3.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.     At all relevant times, Defendants conducted business within the State of Pennsylvania.

## PARTIES

5.     Plaintiff Michael Battiste is an individual who is a citizen of the State of Louisiana residing in Pointe Coupee County, Louisiana.

6.     Plaintiff is a natural person allegedly obligated to pay a debt.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     On information and belief, Defendant FBCS, Inc., is a Pennsylvania with a principal place of business in Montgomery County, Pennsylvania.

9.     On information and belief, Defendant Jefferson Capital Systems, LLC, is an Ohio Limited Liability Company with a principal place of business in Cuyahoga County, Ohio.

10.     On information and belief, Defendant FBCS, Inc. regularly collects or attempts to collect debts asserted to be owed to others.

11.     On information and belief, Defendant Jefferson Capital Systems, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12.     On information and belief, Defendant FBCS, Inc. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13.     On information and belief, Defendant Jefferson Capital Systems, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14.     On information and belief, the principal purpose of Defendant FBCS, Inc.'s business is the collection of such debts.

15.     On information and belief, the principal purpose of Defendant Jefferson Capital Systems, LLC's business is the collection of such debts.

16.     On information and belief, Defendant FBCS, Inc. uses the mails in its debt collection business.

17.     On information and belief, Defendant Jefferson Capital Systems, LLC uses the mails in its debt collection business.

18.     Defendant FBCS, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

2

19.     Defendant Jefferson Capital Systems, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

20.     Defendants allege Plaintiff owes a debt ("the alleged Debt").

21.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22.     The alleged Debt does not arise from any business enterprise of Plaintiff.

23.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

25.     At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

26.     In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated February 3, 2020. ("**Exhibit 1**.")

27.     The Letter conveyed information regarding the alleged Debt.

28.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29.     The Letter was received and read by Plaintiff.

30.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

31.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

32.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

3

34.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

35.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

36.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

37.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

38.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

39.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

40.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

41.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

42.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

43.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

44.     The Letter alleges that Plaintiff owed $11,560.90.

45.     Plaintiff did not owe $11,560.90.

46.     Plaintiff did not owe any money at all to the entity on whose behalf Defendants

4

were seeking to collect.

47.     Defendants' allegation that Plaintiff owed $11,560.90, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

48.     Defendants' allegation that Plaintiff owed $11,560.90, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

49.     Defendants' allegation that Plaintiff owed $11,560.90, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

50.     Defendants' allegation that Plaintiff owed $11,560.90, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

51.     Defendants' allegation that Plaintiff owed $11,560.90, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

52.     Defendants' allegation that Plaintiff owed $11,560.90, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

53.     Defendants' allegation that Plaintiff owed $11,560.90, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

54.     Defendants' allegation that Plaintiff owed $11,560.90, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

55.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

5

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

56.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

59.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

60.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

61.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

62.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

63.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

64.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

65.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

6

67.     An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

68.     The Letter claims that Plaintiff owes a debt to Jefferson Capital Systems, LLC.

69.     Plaintiff did not owe a debt to Jefferson Capital Systems, LLC.

70.     Jefferson Capital Systems, LLC never offered to extend credit to Plaintiff.

71.     Jefferson Capital Systems, LLC never extended credit to Plaintiff.

72.     Plaintiff was never involved in any transaction with Jefferson Capital Systems, LLC.

73.     Plaintiff never entered into any contract with Jefferson Capital Systems, LLC.

74.     Plaintiff never did any business with Jefferson Capital Systems, LLC.

75.     Plaintiff was never indebted to Jefferson Capital Systems, LLC.

76.     Jefferson Capital Systems, LLC is a stranger to Plaintiff.

77.     Defendants' allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

78.     Defendants' allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

79.     Defendants' allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

80.     Defendants' allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

81.     Defendants' allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

7

82.     Defendants' allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

83.     Defendants' allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

84.     Defendants' allegation that Plaintiff owed a debt to Jefferson Capital Systems, LLC, when Plaintiff did not owe a debt to Jefferson Capital Systems, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

85.     Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

86.     Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

87.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

88.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

89.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

90.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

91.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

92.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

93.     A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

94.     The Letter contains a settlement offer.

8

95.      While a settlement offer in and of itself is not improper, such offer runs afoul of the FDCPA if it impresses upon the least sophisticated consumer that if he or she does not accept the settlement, he or she will have no further opportunity to settle the alleged Debt for less than the full amount.

96.      These concerns can be adequately addressed by the debt collector including with the offer the following language: "We are not obligated to renew this offer."

97.      The phrase "we are not obligated to renew this offer" adequately conveys to the least sophisticated consumer that there is a renewal possibility, but also that it is not assured.

98.      The Letter does not state "we are not obligated to renew this offer," nor does it include any kind of substantially similar language.

99.      The least sophisticated consumer would likely be misled by the settlement offer.

100.     The least sophisticated consumer would likely be misled in a material way by the settlement offer.

101.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

102.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Pennsylvania.

103.     Plaintiff seeks to certify two classes of:

> i. All consumers to whom Defendants sent a collection letter attempting to collect an alleged Debt that was in fact not actually owed in that amount or to the entity on behalf of whom Defendants were trying to collect such debt, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

> ii. All consumers to whom Defendants sent a collection letter containing a settlement offer without any statement such as "we are not obligated to renew this offer," or any substantially similar language, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present

104.     This action seeks a finding that Defendants' conduct violates the FDCPA, and asks

9

that the Court award damages as authorized by 15 U.S.C. § 1692k.

105.   The Class consists of more than thirty-five persons.

106.   Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

107.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

108.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

109.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

a.   Certify this action as a class action; and

b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.   Find that Defendants' actions violate the FDCPA; and

d.   Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

10

f.   Grant Plaintiff's costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: April 9, 2020

**BARSHAY SANDERS, PLLC**

By:
Melissa Pirillo, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Mpirillo@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 119206

11



**fbcs**
consumer contact solutions

**Office Hours:**
Mon-Fri: 9:00 am through 7:00 pm EST
Sat: 9:00 am through 12:30 pm EST
Toll Free: 1-866-594-8640

**Office Address:**
330 S. WARMINSTER RD.
SUITE 353
HATBORO, PA 19040

FBC30000 0203 132189570101406-1403

| Company Name: | Date: | Current Creditor: | Account #: | Debt Description: |
|---|---|---|---|---|
| FBCS, Inc. | 02/03/2020 | JEFFERSON CAPITAL SYSTEMS, LLC | 1000 | SANTANDER CONSUMER USA |
|  |  | Jefferson Capital Reference #: | Outstanding Balance: | FBCS File#: |
|  |  | 7728 | $11,560.90 | 3479 |

Dear MICHAEL BATTISTE,

Interested in saving $9,826.77?

JEFFERSON CAPITAL SYSTEMS, LLC, has authorized us to accept 85% off your $11,560.90 outstanding balance to resolve your account.

| Option 1 | Option 2 |
|---|---|
| Pay the reduced amount of $1,734.13 to us in one payment due 02/28/2020. | Call us, toll free, at 1-866-594-8640 to discuss other payment options |

CALLING FOR FURTHER INFORMATION OR MAKING A PAYMENT IS NOT A SUBSTITUTE FOR DISPUTING THE DEBT

Sincerely,
Mike Sacco

This is an attempt to collect a debt and any information obtained will be used for that purpose. Th communication is from a debt collector.

**SEE PAGE 2 FOR IMPORTANT DISCLOSURES**
Payments can be made via:

| Online: Pay us online at: www.fbcs-inc.com | Use your smartphone: Please scan the code below to be taken directly to the payment portal. | Mail: Mail payment and form below to: 330 S. WARMINSTER RD. SUITE 353 HATBORO, PA 19040 | Call: Call Toll-Free at: 1-866-594-8640 To discuss payment arrangements |